**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | **CASE NO. 6:21-CR-00070-JCB-JDL-1** |
| **v.** | § | |
| | § | |
| | § | |
| **DREW CLARK,** | § | |
| | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On July 1, 2026, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Drew Clark. The government was represented by James Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession of a Firearm During Drug Trafficking, a Class A felony. This offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of N/A and a criminal history category of III, was 5 years. On March 29, 2022, U.S. District Judge J. Campbell Barker of the Eastern District of Texas sentenced Defendant to 60 months imprisonment followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, alcohol abstinence, substance abuse treatment and testing, and acquiring a high school equivalency certificate. On December 19, 2025, Defendant completed his period of imprisonment and began service of the supervision term in the Eastern District of Texas, Tyler Division. On February 25, 2026, a Request for Modifying the Conditions or Term of

Supervision with Consent of the Offender was signed, and Defendant's conditions of release were modified to include the condition that Defendant reside in a residential reentry center or similar facility for 180 days after being released from confinement.

Under the terms of supervised release, Defendant was required to participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. In Allegation 3 of its petition, the government alleges that Defendant violated his conditions of supervised release on or about February 26, 2026 when Defendant reported to Drug and Alcohol Testing Compliance Services ("DATCS") in Tyler, Texas as a part of the U.S. Probation Office's Random Drug Testing Program, made two attempts to provide a urine specimen, and then left the office without returning. If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by failing to provide a urine specimen on February 26, 2026, Defendant will have committed a Grade C violation. U.S.S.G. § 7C1.1(a). Upon a finding of a Grade C violation, the court may revoke supervised release. U.S.S.G. § 7C1.3(b). Considering Defendant's criminal history category of III, the guideline imprisonment range for a Grade C violation is 5 to 11 months. U.S.S.G. § 7C1.5.

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the condition requiring Defendant to participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged asserted as Allegation 3 in the government's petition. In exchange, the government recommended to the court that Defendant be imprisoned for a term of 6 months followed by a 4-year term of supervised release.

The court therefore **RECOMMENDS** that Defendant's plea of true to Allegation 3 be accepted and that he be imprisoned for 6 months followed by a 4-year term of supervised release.

The parties waived their right to objections so this matter shall be immediately presented to the

District Judge for consideration.

**So ORDERED and SIGNED this 2nd day of July, 2026.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE